IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2848 |
| | : | **FILED** |
| | : | OCT 24 2018 |
| THIS DOCUMENT RELATES TO: JEROME DOTTER, et al. | : | KATE BARKMAN, Clerk By_____Dep. Clerk |
| v. | : | |
| MERCK & CO., INC., et al. | : | CIVIL ACTION NO. 16-4686 |

MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 18

Bartle, J.                                October 24 , 2018

Plaintiff Jerome Dotter filed this action against Merck for injuries allegedly suffered from Zostavax, a vaccine to prevent shingles. Plaintiff Sheryl Greene-Payne makes a claim for loss of consortium.

Before the court is the motion of Chris and Pat Juday ("the Judays") to intervene as parties in this action under Rule 24 of the Federal Rules of Civil Procedure. The Judays seek to modify the protective order (Doc. # 19) entered in this case in order to access the discovery produced and to be produced by defendant Merck.

The Judays filed an earlier action in this court against Merck on April 5, 2016, in which they, like the

-1-

plaintiffs here, sought damages for injuries resulting from Mr. Juday's vaccination with Zostavax. The court entered a scheduling order permitting discovery and setting February 6, 2017 as the deadline for motions on the statute of limitations. (Doc. # 22). Merck conducted discovery and thereafter moved for summary judgment on the ground that the claims of the Judays were time-barred. This court granted the motion for summary judgment against the Judays on all claims on April 17, 2017. The Court of Appeals affirmed our decision on April 4, 2018. See Juday v. Merck & Co Inc., 730 F. App'x 107 (3d Cir. 2018). The Judays never conducted any discovery while their action was pending.

Having lost their own case, the Judays now seek to intervene in this action under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. Under that rule, the court may, in its discretion, permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

In Pansy v. Borough of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994), the Court of Appeals held that a non-party may use the procedure of permissive intervention under Rule 24(b)(1)(B) to challenge and seek modification of a protective order. The court adopted the reasoning of the Court of Appeals

-2-

for the Ninth Circuit that "[t]here is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." Id. (internal citations omitted). A prospective intervenor therefore has standing under the Rule 24(b)(1)(B) to assert a "common question of law or fact" with the main action by virtue of challenging a protective order entered therein. Id. The timing of Rule 24 motions for the purpose of seeking to modify protective orders is also flexible. Parties may seek to intervene pursuant to Rule 24(b)(1)(B) even after the underlying dispute has been settled. Id. at 780. We recognize that the Judays have standing under Pansy to use the procedure of permissive intervention in order attempt to modify the protective order in this case and that their motion is timely.

We must next address whether the Judays' motion has merit insofar as they endeavor to modify the protective order in this case. The court must balance the same factors that are used to determine whether to grant a protective order to determine if good cause still exists for the order. Id. These factors include:

> (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is

> important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

Arnold v. Pennsylvania, Dep't of Transp., 477 F.3d 105, 108 (3d Cir. 2007). Additionally, the court should consider the reliance of the parties on the protective order. Pansy, 23 F.3d 772 at 790. These factors are "unavoidably vague and are of course not exhaustive" but are intended to provide district courts with flexibility in how to consider the relevant facts in each case. Id. at 789.

We first focus on whether the Judays assert a legitimate purpose to modify the protective order, pursuant to Pansy factor (2). In their supporting brief the Judays state that they "have only one reason for requesting that this modification take place: so that a motion to reopen their case can be filed." (Doc. # 48). Beyond this uninformative sentence, they leave the Court in the dark. They did not disclose what possible basis that they may have to seek to reopen their case, which has been finally adjudicated with a judgment against them affirmed by the Court of Appeals. In their reply brief, they reference Rule 60(b)(6) which provides for relief from judgment for "any other reason that justifies relief" and Rule 60(d)(1), which provides that Rule 60 "does not

-4-

limit a court's power to...entertain an independent action to relieve a party from a judgment, order, or proceeding." These references do not add further clarity. Again, the Judays provide no specifics for their pending motion and appear to be engaged in a fishing expedition.

We recognize that access to protected information for use in another case may be a legitimate reason for modification of a protective order. Charles Alan Wright, et al., 8A Fed. Prac. & Proc. Civ. § 2044.1 (3d ed. 1994). However, a party may not use a motion to intervene to modify a protective order so as to circumvent limitations on discovery in the intervening party's own case. Id. In AT&T Corp. v. Sprint Corp, a proposed intervenor sought access to protected information between AT&T and Sprint in March 2004 for use in his pending state court action. AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005). In the state case, the discovery deadline was in September 2003. Because discovery had already closed, the Court of Appeals held that intervention was sought for an improper purpose and upheld the district court's decision denying the request to intervene. Id. at 562.

Similarly, the Judays appear to seek discovery from Merck in order to relitigate their case which is closed and which they have lost. They have articulated no basis to

overturn or circumvent the final judgment against them. Clearly this is an improper purpose for permissive intervention under Rule 24(b)(1)(B) under the second factor enumerated in Pansy.

While the Judays' purpose is not legitimate, we turn to the one other factor under Pansy on which the Judays specifically rely for the modification of the protective order.

The Judays argue that Pansy factor (5), that is that the sharing of information among litigants would promote fairness and efficiency, weighs in their favor because it "avoids duplicative and costly discovery." (Doc. # 48 at 7). We are not persuaded by this explanation for reasons that overlap with our discussion of Pansy factor (2). Allowing the Judays to access information under the protective order would not serve to promote fairness and efficiency but rather would be for the purpose of undermining the judgment of this court. It would be contrary to principles of fairness to allow them to benefit from discovery of another case when they did not take discovery during the time allotted in their own case. It goes without saying that it is improper for parties to institute meritless litigation so as to vitiate without any valid reason the finality of the judgment against them. Thus, we conclude that this factor too weighs against the Judays.

This case is clearly distinguishable from Pansy where strong public interest considerations weighed in favor of modification. In Pansy, a newspaper sought access to information protected in a settlement agreement discussing alleged civil rights violations of a government entity. See Pansy, 23 F.3d 772 at 772. By contrast, the Judays seek to gain access to protected materials between private parties merely to obtain a second bite at the apple for themselves. (Doc. ## 19, 48).

Accordingly, we find that balancing the relevant factors in Pansy weighs against intervention and modification of the Dotter protective order. The motion for intervention will be denied.