# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION

**THIS DOCUMENT RELATES TO:**

**MDL No. 2848**
**Civil Action No. 2:18-md-02848**

*Carolyn Adams v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:18-cv-20022

*Guadalupe Alvarez v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-20055

*Sylvia Anderson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.* Civil Action No. 2:18-cv-20184

*Inez Archie v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:18-cv-20159

*Joseph and Gail Bernet v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:18-cv-20189

*Carolyn and Alan J. Birmantas v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-20050

*James and Rose Blocher v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-20057

*Eileen Bowman v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:18-cv-20015

*Sheila Bradley v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:18-cv-20088

*Elaine Braginton v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-20053

*Margaret and Frank Bratina v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-20158

*Connie Bravo, Proposed Administrator for the Estate of Thomas Bravo v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:18-cv-20043

*Patricia Breault, Individually and as Executor of the Estate of Shirley Breault v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:18-cv-20198

*Dorothy Brougher v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-20102

*Nancy and William Brown v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-20078

*Jolayne Burch v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,Civil Action No. 2:19-cv-20111*

*Shirley Butler v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:19-cv-20131*

*Clarence and Shirley Cain v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:19-cv-20060*

*Patti Campbell v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:19-cv-20069*

*Shirley Cartwright v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:19-cv-20065*

*Rosemarie Case v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20191*

*Edward Cederberg v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20073*

*Robert Coffey v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20131*

*Carolyn Cole and Larry Cole v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:19-cv-20134*

*Alicia Colon v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20164*

*Carol Connor v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:19-cv-20112*

*Freda and Edward Cooper v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:19-cv-20072*

*Patricia and Daniel Corrao v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20139*

*Salvatore and Viola Croce v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20252*

*Patricia and Giovanni Cutillo v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20197*

*Eleanor Dakers v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20254*

*Patricia and William Damico v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20165*

*Zabdy Daniels v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:18-cv-20077*

*Michael Deluca v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp., Civil Action No. 2:19-cv-20076*

*Margherita DeLustro v. Merck & Co., Inc., Merck Sharp & Dohme Corp and McKesson Corp., Civil Action No. 2:19-cv-20079*

*Philip and Paula DiGregorio v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20166**

*Dorothy Dillon v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20089**

*Peggy Diss v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20074**

*Michael and Shirley Dolenic v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20092**

*Shara Edwards v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20098**

*Judith Endresen-Worthy v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20025**

*Martha and Paul Everts v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20049**

*Valentina Falco v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20256**

*Adamilta Figueroa-Lerner v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20257**

*David Fontaine v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20216**

*Phyllis Ford v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20079**

*Michael Frisbie v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20129**

*Nancy and Jack Fritts v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20099**

*Donald Galloway and Conceita Pittman v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20258**

*Judy and Jerry Gladney v. Merck & Co., Inc., Merck Sharp & Dohme Corp and McKesson Corp.,* **Civil Action No. 2:19-cv-01520**

*Howard Glassco v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20065**

*Thomas and Patricia Gleason v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20139**

*Joyce Grasby v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20260**

*Judith Grenier v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.* **Civil Action No. 2:18-cv-20010**

*Burleigh Grimes v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20091**

*Debbie Guerrero v. Merck & Co., Inc., Merck Sharp & Dohme Corp and McKesson Corp.,* **Civil Action No. 2:18-cv-20261**

*Ronald and Nobuko Guse v. Merck & Co., Inc., Merck Sharp & Dohme Corp and McKesson Corp.,* **Civil Action No. 2:19-cv-20096**

*Roland and Deborah Halle v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20129**

*Lewis and Evelyn Harper v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20088**

*Mary and Dennis Higdon v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20152**

*Curtis Hiram v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20021**

*Helen Hoffman v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20180**

*Stephen Hopkins v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20264**

*Alvah Hulett v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20153**

*Linda Huter v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20067**

*Shirley Jackson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20247**

*Richard Jones, Executor of the Estate of Shirley Jarvis v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20154**

*Damaris Jimenez v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20268**

*Mike Jones v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20269**

*William and Patricia Kelshaw v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20178**

*Donna and Robert Kish v. Merck & Co., Inc., Merck Sharp & Dohme Corp and McKesson Corp.,* **Civil Action No. 2:18-cv-20108**

*John and Trudy Kruczek v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20157**

*Henry and Theresa Kuhn v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20228**

*Cheryl and Paul Lamparella v. Merck & Co., Inc., Merck Sharp & Dohme Corp.,* **and McKesson Corp. Civil Action No. 2:18-cv-20230**

*Frances and Darren K. Lane v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20239**

*Joann and Stephen Leavitt v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20285**

*Etta M. Lee v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20048**

*Vernon Lee and Manan Sommers v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20004**

*Anne and Milton Levinson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20249**

*Mary Linn v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20141**

*Delilah Lloyd v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20233**

*Ernest and Brenda Malizia v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20235**

*Thelma Marshall v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20085**

*Wanda Martinez v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20156**

*Robert Masucci v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20001**

*Richard and Anna McDonald v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20240**

*Patricia and Keith McKown v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20271**

*Betty Melucci v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20019**

*Robert Meyers v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20148**

*Grant Mobley v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20076**

*Debra Moreno v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20212**

*Ernest and Mary Morris v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20134**

*Jean and Kenneth Morse v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20130**

*Rhoda Moziy v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20278**

*Allen and Barbara Mueller v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20280**

*Linda and Robert Munger v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20282**

*Jacquelyn Nash v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20288**

*Phyllis Nelson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20104**

*Kenneth and Delores Nicholas v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20179**

*Linda and Henry Odess v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20211**

*Nancy Orth v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20291**

*Janet and Maurice O'Shea v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20077**

*Mary Outlaw v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20172**

*James and Linda Paribello v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20135**

*Lenda Pendleton v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20070**

*Maureen Pons v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20290**

*Lillie Pratt v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20051**

*Marc and Teri Rawitt v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20135**

*Leonard and Martha Reiss v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20010**

*Sondra Reiss v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20293**

*Pedro Rivera Melendez v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20011**

*Delores and Robert Rorech v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20295**

*Linda Russ v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20243**

*Gerald Santo, Personal Representative of the Estate of James Santo v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:18-cv-20241**

*Gail Santoro v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20209

*Carol Schasel v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20298

*Garry and Virginia Schuemann v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20201

*Karney and Patience Seymour v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20195

*Erica Sheid v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20277

*Mildred Sheppard v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20023

*Leonard and Linda Sherman v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:19-cv-20155

*Sandra Siudvinski v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:19-cv-20011

*Peter and Maria Skumanich v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20286

*Mary Speigle v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20158

*Joyce Stedman v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:19-cv-20013

*Ronald Stichter v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20142

*Linda Thompson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20224

*Carole and John A. Triplett v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20144

*Charles and Dorothy Turnbull v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20203

*Patricia and Denvil VanHoose v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:19-cv-20058

*Elsa and Wilfredo Vega v. Merck & Co., Inc., Merck Sharp & Dohme Corp and McKesson Corp.*, Civil Action No. 2:18-cv-20220

*Anthony Vespa v. Merck & Co., Inc., Merck Sharp & Dohme Corp.*, and McKesson Corp. Civil Action No. 2:18-cv-20202

*Catherine Wade v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20219

*Evelyn Wagner v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:18-cv-20218

***Mary and David Waldroup v. Merck & Co.,
Inc., Merck Sharp & Dohme Corp., and
McKesson Corp.,* Civil Action No. 2:19-cv-
20056**

***Edward Waszak v. Merck & Co., Inc., Merck
Sharp & Dohme Corp., and McKesson
Corp.,* Civil Action No. 2:18-cv-20265**

***Martha Watson v. Merck & Co., Inc., Merck
Sharp & Dohme Corp., and McKesson
Corp.,* Civil Action No. 2:18-cv-20136**

***Janet and Van Welty v. Merck & Co., Inc.,
Merck Sharp & Dohme Corp., and
McKesson Corp.,* Civil Action No. 2:18-cv-
20262**

***Eron and Vernon West v. Merck & Co., Inc.,
Merck Sharp & Dohme Corp., and
McKesson Corp.,* Civil Action No. 2:18-cv-
20259**

***Julie Grace Wiencek v. Merck & Co., Inc.,
Merck Sharp & Dohme Corp., and
McKesson Corp.,* Civil Action No. 2:19-cv-
20107**

***Waverly Williams v. Merck & Co., Inc.,
Merck Sharp & Dohme Corp., and
McKesson Corp.,* Civil Action No. 2:19-cv-
20124**

***Jean Wright v. Merck & Co., Inc., Merck
Sharp & Dohme Corp., and McKesson
Corp.,* Civil Action No. 2:18-cv-20181**

***Olynda Wylie v. Merck & Co., Inc., Merck
Sharp & Dohme Corp., and McKesson
Corp.,* Civil Action No. 2:19-cv-20138**

***Michael and Sandra Yasso v. Merck & Co.,
Inc., Merck Sharp & Dohme Corp., and
McKesson Corp.,* Civil Action No. 2:18-cv-
20253**

***Matthew Zarosl, Individually and as
Proposed Administrator of the Estate of
Barbara Zarosl v. Merck & Co., Inc., Merck
Sharp & Dohme Corp., and McKesson
Corp.,* Civil Action No. 2:18-cv-20194**

***Felip Zielinski v. Merck & Co., Inc., Merck
Sharp & Dohme Corp., and McKesson
Corp.,* Civil Action No. 2:18-cv-20177**

<u>MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 285</u>

Bartle, J.                                    March 30th, 2020

        Plaintiffs bring these 146 actions against defendants
Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Merck"), as
well as against McKesson Corp., seeking damages for injuries
allegedly suffered from Zostavax, a shingles vaccine.  They are
part of over 1,300 actions assigned to the undersigned in
Multidistrict Litigation ("MDL") No. 2848 for coordinated or
consolidated pretrial proceedings.  Before the court is the
omnibus motion of Merck to dismiss the above captioned actions
under Rules 37(b)(2) and 41(b) of the Federal Rules of Civil
Procedure for the failure to produce materially complete
Plaintiff Fact Sheets in accordance with Pretrial Orders ("PTO")
Nos. 46 and 209.

                            I

        The parties in this MDL have agreed to waive the
initial disclosures required under Rule 26(a)(1)(A) of the
Federal Rules of Civil Procedure for all plaintiffs and to adopt
an Initial Discovery Plan intended "to conserve judicial and
party resources, eliminate duplicative discovery, serve the
convenience of the parties and witnesses, and promote the just
and efficient conduct of this litigation."  In accordance with
the Initial Discovery Plan, the court entered PTO 46 which

adopted a form Plaintiff Fact Sheet ("PFS") acceptable to the parties.

The PFS is a questionnaire in which each plaintiff provides, among other information, the date the Zostavax vaccine was received, each injury claimed to be caused by Zostavax, the date the plaintiff became aware of the injuries, the health care providers who diagnosed and treated the injuries, and the dates of that diagnosis and treatment. Plaintiffs must also sign medical release authorizations to permit Merck to collect records from the health care providers identified in the PFS's.

PTO 46 requires each plaintiff who files an action in this MDL to complete and verify a PFS. Each plaintiff must serve on Merck a completed PFS and signed medical release authorizations within 45 days of the date Merck answers or moves to dismiss the plaintiff's complaint.[1] If Merck finds a plaintiff's PFS to be materially deficient, Merck must notify that plaintiff's counsel by sending a letter identifying the deficiencies. The plaintiff has 30 days to cure any deficiencies. If the deficiencies are not cured within 30 days, Merck may move to compel the plaintiff to do so under Rule 37. With PTO 46, the Plaintiffs' Executive Committee and Merck

1. PTO 7 requires Merck to respond to a plaintiff's complaint within 30 days after the complaint is served (Doc. # 20).

agreed and this court adopted the procedure for addressing deficient PFS's.

On August 30, 2019, Merck moved to compel the production of materially complete PFS's in 172 actions in this MDL (Doc. # 355). In these actions, Merck sent to counsel for the plaintiffs at least one letter which identified deficiencies in the PFS's. The plaintiffs in many of these actions amended their PFS's. However, Merck found many to remain materially deficient and sent additional delinquency notices. This cycle was repeated in many of the 172 actions and resulted in numerous amended PFS's. The law firm of Marc J. Bern and Partners (the "Bern firm") represents the plaintiffs in each of the 172 actions.

On September 4, 2019, the court granted Merck's motion to compel and entered PTO 209 (Doc. # 367) which required the plaintiffs in the 172 actions to cure any material deficiencies in their PFS's. PTO 209 also required the plaintiffs to identify the changes in each amended PFS and the Bern firm to certify good faith compliance with its discovery obligations in each of the 172 actions. The court warned that failure of plaintiffs to produce a verified, materially complete PFS and authorization for medical records as required by PTO 46 and PTO 209 may result in dismissal with prejudice. The court required compliance by September 18, 2019.

Merck moved to dismiss 146 of the 172 actions on October 11, 2019 (Doc. # 393) on the ground that the Bern firm failed to certify good faith compliance with its discovery obligations. Merck argued that in 62 of the actions plaintiffs had also failed to serve materially complete PFS's. Merck specified the material deficiencies it alleged existed in each of the 62 PFS's in a chart attached to its motion to dismiss. Plaintiffs responded to these deficiencies in a chart attached to its response in opposition to the motion (Doc. # 415).[2]

The court held oral argument on Merck's motion to dismiss. Merck agreed at that time to withdraw the motion as it related to the Bern firm's failure to certify good faith compliance with its discovery obligations, provided each plaintiff in the 146 actions had served a materially complete fact sheet. Merck withdrew the motion in 59[3] of the 146 actions

2. Plaintiffs continued to serve amended PFS's after Merck filed its motion to dismiss. Working with a moving target, Merck added to or changed the deficiencies it alleged as the briefing progressed on its motion. Merck provided its most recent alleged deficiencies in a chart attached to a supplemental letter submission filed on December 24, 2019 (Doc. # 464). Plaintiffs have not responded.

3. Civil Actions Nos. 18-20015, 18-20022, 18-20023, 18-20025, 18-20048, 18-20051, 18-20065, 18-20073, 18-20088, 18-20129, 18-20135, 18-20142, 18-20152, 18-20153, 18-20156, 18-20166, 18-20178, 18-20179, 18-20180, 18-20189, 18-20194, 18-20195, 18-20201, 18-20203, 18-20211, 18-20216, 18-20230, 18-20233, 18-20239, 18-20247, 18-20249, 18-20253, 18-20256, 18-20257, 18-20261, 18-20268, 18-20277, 18-20280, 18-20288, 18-20291, 18-20295, 18-20298, 19-20001, 19-20013, 19-20057, 19-20070,

(Doc. # 454), and the parties stipulated to dismiss one action.[4] Of the original 146 actions, 86 now remain subject to Merck's motion to dismiss.

## II

Rule 41(b) provides that if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Rule 37(b)(2) authorizes a district court to dismiss an "action or proceeding in whole or in part" as a sanction against parties who disobey discovery orders.  Fed. R. Civ. P. 37(b)(2)(A)(v). A district court may also prohibit a "disobedient party from supporting or opposing designated claims or defenses" or "introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).

Dismissing an action for failure to prosecute under Rule 41(b) is a matter of a district court's discretion. Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).  The same is true of a district court's decision to impose the sanction of dismissal under Rule 37(b).  Knoll v. City of Allentown, 707 F.3d 406, 411 (3d Cir. 2013).  We are required to consider the

---

19-20072, 19-20076, 19-20077, 19-20078, 19-20085, 19-20088, 19-20092, 19-20096, 19-20104, 19-20131, 19-20134, 19-20157, and 19-20158.

4.    Civil Action No. 18-20077.

six factors set out in <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747
F.2d 863 (3d Cir. 1984), when considering dismissal under either
rule.  They are:

> (1) the extent of the party's personal
> responsibility; (2) the prejudice to the
> adversary caused by the failure to meet
> scheduling orders and respond to discovery;
> (3) a history of dilatoriness; (4) whether
> the conduct of the party or the attorney was
> willful or in bad faith; (5) the
> effectiveness of sanctions other than
> dismissal, which entails an analysis of
> alternative sanctions; and (6) the
> meritoriousness of the claim or defense.

<u>Knoll</u>, 707 F.3d at 409 n. 2 (<u>citing</u> <u>Poulis</u>, 747 F.2d at 868.

There is no "magic formula" or "mechanical
calculation" to determine whether an action should be dismissed
under the <u>Poulis</u> factors.  <u>In re Asbestos</u>, 718 F.3d 236, 246
(3d Cir. 2013).  "In fact, no single <u>Poulis</u> factor is
dispositive" and "not all of the <u>Poulis</u> factors need be
satisfied in order to dismiss a complaint."  <u>Id.</u>

III

The administration of actions in an MDL is different
from the administration of individual actions on a court's
docket.  <u>In re Asbestos</u>, 718 F.3d 236 at 246.  The purpose of
centralizing actions in an MDL is their efficient preparation
for trial.  <u>Id.</u> at 248.  A plaintiff's failure or delay to
provide discovery central to the merits of his or her claims
undermines this goal.  <u>See</u> <u>id.</u>  Prejudice caused to defendants

by such a failure or delay can weigh significantly in favor of dismissal under <u>Poulis</u>. <u>Id.</u> This is particularly true when the court is ill-equipped to assess the merits of an action as a consequence of a plaintiff's failure to provide certain discovery. <u>Id.</u>

In the <u>In re Asbestos</u> MDL, our Court of Appeals reviewed the district court's decision to dismiss 12 actions for failure to provide information similar to that sought in the PFS's at issue in this action. <u>See</u> <u>In re Asbestos</u>, 718 F.3d 236. There, the pretrial order required each plaintiff to provide either proof of the diagnosis of an asbestos-related disease or a medical opinion that the plaintiff had such a disease. <u>Id.</u> at 241-42. Plaintiffs were required also to provide a history of their exposure to asbestos. <u>Id.</u> The district court dismissed the 12 actions at issue because the plaintiffs had not submitted specific histories of their exposure to asbestos. <u>Id.</u> at 240. Judge Eduardo Robreno aptly noted:

> [w]ithout evidence of an exposure history
> for each plaintiff and a medical diagnosis
> that allows defendants and the Court to sort
> through, for example, which plaintiffs
> allegedly were exposed to whose asbestos at
> which locations, the litigation of thousands
> of cases could not go forward.

<u>Id.</u> at 242 (quoting <u>In re Asbestos</u>, 2012 WL 10929213, at ¶ 1 n. 2).

Our Court of Appeals affirmed the district court's decision under Poulis. Id. The plaintiffs, by not providing a history of their exposure to asbestos, were holding up the progress of their actions and preventing the district court from considering the merits of their claims. Id. The Court of Appeals concluded that the district court properly found that the dilatory and prejudicial factors set out in Poulis outweighed all others, particularly where the information plaintiffs failed to provide made weighing the meritoriousness factor impossible.

IV

Plaintiffs contend the PFS's in the 86 actions which remain subject to Merck's motion to dismiss are materially complete. Merck concedes that the PFS's in 24[5] of the actions are now materially complete. Merck seeks dismissal of these 24 actions, however, on the ground that the PFS's were untimely and that it was prejudiced by having to review numerous PFS's in each action.

We accept that many of the PFS's subject to this motion have been amended several times. We recognize prejudice to Merck which, in order to assess the merits of the claims

_____

5. Civil Actions Nos. 18-20159, 18-20198, 19-20060, 18-20191, 19-20089, 19-20098, 18-20049, 18-20258, 18-20021, 18-20264, 18-20067, 19-20141, 18-20019, 19-20130, 18-20282, 19-20135, 18-20293, 18-20144, 18-20220, 18-20265, 19-20124, 18-20181, 19-20138, 18-20177.

against it, has spent great time and expense identifying deficiencies, providing notices of the deficiencies, and filing discovery motions. Nonetheless, Merck, which agrees it has the burden here, has failed to provide the court with the information necessary to determine whether the PFS's in these 24 actions were untimely. For example, Merck does not identify the date it was first served a PFS in each of these actions. Merck also fails to specify the deficiencies in the first served PFS's and to submit those PFS's for the court's review. Without this information, Merck has not established any prejudice due to untimeliness. We will therefore deny Merck's motion to dismiss with respect to these 24 actions.

V

We have reviewed each of the PFS's in the remaining 62 actions for the delinquencies Merck alleges as well as plaintiffs' responses.

As noted above, the PFS requires each plaintiff to provide: a date for the receipt of Zostavax; the injuries allegedly caused by Zostavax; the date the plaintiff became aware of the injuries; the health care providers who diagnosed and treated the injuries; and the dates of the diagnosis and treatment. This information shares an important characteristic with the diagnosis and asbestos exposure history the plaintiffs were required to produce in In re Asbestos. It is central to

-9-

the merits of each plaintiff's claims. Without it, neither Merck nor the court can properly assess the merits of a plaintiff's claims. Therefore, like the district court in In re Asbestos, we give great weight to prejudice where a plaintiff has omitted material information in response to all or some of these questions. We do the same where a plaintiff provides materially inconsistent information in response to the questions.

We find no prejudice and will not dismiss any action where an overall review of a plaintiff's PFS resolves the material inconsistencies or omissions alleged by Merck. Nor will we dismiss an action where vague deficiencies alleged by Merck require the court to speculate as to the merits of some unspecified defense. Similarly, we will not dismiss an action where Merck alleges without explanation that a medical authorization is not usable or that the medical records a plaintiff produced with a PFS are incomplete. These vague allegations are insufficient for Merck to meet its burden, particularly where Merck has neither referenced nor submitted a complete record in support of its motion to dismiss. Finally, a plaintiff may in good faith respond that he or she does not recall the answers to questions in a PFS just as a party may respond it does not recall the answer to an interrogatory or a deposition question. Of course such answers may bar a plaintiff

from later relying on a different answer or even obtaining relief.

We find that prejudice weighs heavily in favor of dismissal of Meyers v. Merck & Co., Inc., et al., Civil Action No. 19-20148. Merck alleges the PFS contains "[i]nconsistent responses between date of vaccination, 'August 2016' (II.B.1), when first became aware of injury, 'July 2015' (II.C.2), date of diagnosis, '11/2016' (II.C.4) and dates of treatment, 'July 2016' (II.C.5)."

Robert Meyers states that he suffered shingles and postherpetic neuralgia as a consequence of receiving the Zostavax vaccine. He purportedly became aware of these injuries in July 2015 and was treated for them in July 2016. He then adds that he received the Zostavax vaccine in August 2016 and was diagnosed with shingles in November 2016. This inconsistency goes to the merits of plaintiff's claim that Zostavax caused his injuries. Plaintiff provides no response to this material deficiency. Consequently, neither Merck nor the court can assess the merits of his claims.

We also find prejudice weighs heavily in favor of dismissal of Damico, et al. v. Merck & Co., Inc., et al., Civil Action No. 18-20165. Merck alleges the PFS contains "alleged

three-year date rage [sic] of 'sometime between 2010 and 2013'"
for the date of plaintiff's Zostavax vaccination.

Patricia Damico states that she was diagnosed and
treated for shingles and numerous other injuries as a
consequence of receiving the Zostavax vaccine.  She identifies
Dr. Louisa Sanchez as the health care provider who administered
the Zostavax vaccine "[s]ometime between 2010 and 2013."
However, she pleads in her Amended Complaint that she "was
inoculated with ZOSTAVAX . . . by Yael Ellis, M.D." in 2013.
This inconsistency goes to the merits of plaintiff's claims that
Zostavax caused each of her injuries.  Plaintiff provides no
response to Merck's motion to dismiss to specify her vaccination
date or to clarify the health care provider who administered the
vaccine.

The parties agreed on the form of the PFS and the
procedure set out for addressing deficiencies in PTO 46.  Robert
Meyers and Patricia Damico had the opportunity to provide an
amended, materially complete PFS within the timeframe set by
PTO 46 but failed to do so.  They offer no explanation for this
failure.  We entered PTO 209 which compelled all the plaintiffs
subject to this motion to amend their PFS's where deficient,
required good faith certifications from the Bern firm, and
warned that actions may be dismissed should there be a failure
to comply.  We have also issued orders in this MDL which

required other plaintiffs represented by the Bern firm to show cause as to why their cases should not be dismissed for failure to provide materially complete PFS's.  Despite these warnings, Robert Meyers and Patricia Damico and the Bern firm failed to comply with PTO 209 without explanation.  We find the remaining Poulis factors weigh in favor of dismissing the Meyers and Damico actions.

The plaintiffs in the following three actions did not verify their PFS's: Frisbie v. Merck & Co., Inc., et al., Civil Action No. 19-20129; Siudvinski v. Merck & Co., Inc., et al., Civil Action No. 19-20011; and Speigle v. Merck & Co., Inc., et al., Civil Action No. 18-20158.  We find that these plaintiffs demonstrate little interest in participating in this litigation.  Weighing the Poulis factors, Merck is substantially prejudiced by such nonparticipation.  See McLaughlin v. Bayer Essure Inc., Civil Action No. 14-7316, 2019 WL 7593834, at *5 (E.D. Pa. Dec. 27, 2019); see also Kuznyetsov v. W. Penn Allegheny Health Sys., Inc., Civil Action No. 09-0379, 2010 WL 3885158, at *5 (W.D. Pa. Sept. 28, 2010).

For these reasons, we will dismiss these five actions with prejudice.

VI

We find some of the deficiencies Merck alleges in the following 6 of the remaining 57 actions to be material.

However, after consideration of the other Poulis factors, we do not find they weigh in favor of dismissal. We will instead prohibit the plaintiffs in the following actions from introducing evidence related to the material omissions contained in their PFS's pursuant to Rule 37(b)(2)(A)(ii).

In Birmantas, et al. v. Merck & Co., Inc., et al., Civil Action No. 19-20050, Merck points out that the plaintiff "[i]dentifies a diagnosing / treating health care provider in response to question regarding how plaintiff first became aware of her injuries (II.C.3), who is not otherwise identified as a diagnosing / treating health care provider."

Plaintiff states in her PFS that she suffered shingles and, later, a related varicella type rash as a consequence of receiving the Zostavax vaccine. She adds "Dr. Michael Ahern" at the "OSF Saint Luke Medical Center" diagnosed her with the shingles in December 2016 and that she received treatment that December at the medical center. However, plaintiff notes that she consulted with different health care providers — "Dr. Julio Ramos" and "Dr. Sautkaskas" — when she became aware of the rash. Plaintiff provides sufficient information to identify Dr. Ahern but fails to provide information to identify the whereabouts of Dr. Ramos and Dr. Sautkaskas. For this reason, we will prohibit

plaintiff from introducing evidence of any diagnosis, treatment, or examination by Drs. Ramos and Sautkaskas.

Merck asserts that in Burch v. Merck & Co., Inc., et al., Civil Action No. 19-20111, the plaintiff "[f]ailed to answer question regarding whether plaintiff ever spoke with a health care provider about Zostavax and injury causation (II.C.6)."

Plaintiff sets forth that she suffered from shingles as a consequence of receiving the Zostavax vaccine. She identifies the health care providers who diagnosed and treated her for shingles but fails to answer whether she communicated with any health care provider about whether Zostavax caused her to contract the shingles. For this reason, we will prohibit plaintiff from introducing evidence of any communication she had with any health care provider about whether Zostavax caused her to contract the shingles.

In Jones v. Merck & Co., Inc., et al., Civil Action No. 18-20269, Merck contends that the plaintiff provides "[n]on-responsive answers to key questions, including II.C.1 (injuries alleged to Zostavax – 'I have Lots of ailments. I'm not sure')."

In the PFS, plaintiff writes that he suffered shingles, "pain and blisters," and "[l]ots of ailments" as a consequence of receiving the Zostavax vaccine. He identifies

the health care providers who diagnosed him with the shingles and treated his related pain and blisters.  However, plaintiff does not specify the other ailments he alleges were caused by Zostavax or identify the health care providers who diagnosed and treated the ailments.  For this reason, we will prohibit plaintiff from introducing evidence to support any claim that Zostavax caused him injuries other than the shingles and the related pain and blisters.

Merck maintains that in <u>Mobley, et al. v. Merck & Co., Inc., et al.</u>, Civil Action No. 18-20076, the plaintiff "[f]ailed to provide diagnosing and treating provider information for alleged injury of loss of vision (II.C.4- II.C.5)."

Plaintiff states that he suffered shingles, pain around his left eye, and related loss of vision as a consequence of receiving the Zostavax vaccine.  He identifies the health care providers who diagnosed and treated his shingles and the related pain but does not specify the health care provider who diagnosed or treated his loss of vision.  For this reason, plaintiff may not introduce evidence to support any claim that Zostavax caused plaintiff loss of vision.

In <u>Rivera Melendez v. Merck & Co., Inc., et al.</u>, Civil Action No. 18-20011, Merck points out that plaintiff makes reference to a "'Dr. A. Rivers Bonilla' in II.C.1" but does not "otherwise identif[y] [Dr. Bonilla]."

Plaintiff maintains that he suffered shingles and scarring on his left eye as a consequence of receiving the Zostavax vaccine. He describes sufficient information to identify the health care provider that diagnosed and treated his shingles but does not specify the health care provider that diagnosed and treated any injury to his eye caused by the shingles. Though plaintiff states "Dr. A Rivers Bonilla" ordered a CT scan to check whether the shingles affected his eyes, he does not set forth any identifying information for this health care provider. For this reason, plaintiff may not introduce evidence to support a claim that Zostavax caused any injury to his eyes.

Finally, in <u>Santoro v. Merck & Co., Inc., et al.,</u> Civil Action No. 18-20209, Merck contends that the plaintiff "failed to identify and itemize alleged out-of-pocket expenses (II.C.12)."

Plaintiff states she suffered shingles as a consequence of receiving the Zostavax vaccine and is seeking damages for related out-of-pocket expenses. She does not identify these expenses. For this reason, we will prohibit plaintiff from introducing evidence in support of any claim for out-of-pocket medical expenses.

The remaining alleged deficiencies in these six actions taken as a whole are not material and do not warrant any

further sanction.  See supra V.  We will therefore deny the motion of Merck to dismiss these actions in total.

VII

We will deny the motion of Merck to dismiss the remaining 51 actions.  After careful review, the alleged deficiencies in the PFS's in these cases are not material and do not prejudice Merck.