# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:** | MDL No. 2848<br>Civil Action No. 2:18-md-02848-HB |

| | |
|---|---|
| *Doris Atkins and Thomas Palus v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03361 | *Alvin B. Bowler v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03336 |
| *Stanley Baldwin and Phyllis Baldwin v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03384 | *Barbara Burke and Steven Burke v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03331 |
| *David Bales and Barbara Bales v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03330 | *Bobby Carr and Brenda Carr v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-20221 |
| *Robert Balke and Mary Balke v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03392 | *Jimmy Clark v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03368 |
| *Donald Beard and Helen Beard v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-20226 | *Sharon Coogan, Individually and as the Personal Representative of William Coogan v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03373 |
| *Wendy Bechtol v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03395 | *Emily Corneluson and Henry Cornelusonv. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03334 |
| *Gregg Blank v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03327 | *Charles G. Covington and Vera Covington v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* Civil Action No. 2:19-cv-03375 |

*Katherine A. Daigle and Roy Daigle v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03351**

*Frances Davis and Herman Davis v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20222**

*Jane D. Early and Roy L. Early v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03352**

*Virginia Fernandes v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20227**

*Patricia Ferraro v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03374**

*Thomas Ferrerio v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03394**

*Ann Marie Furiosi v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03356**

*Douglas George and Rose George v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20173**

*Sharon Giese and Marlon Giese v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03339**

*Terrie Gordon v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20188**

*Connie Grayson and Stephan Grayson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03399**

*Ada Guffey and James Guffey v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03357**

*Georgia Gustafson and Jerry S. Gustafson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03388**

*Roxanne Haines v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03401**

*Kristi Hamlin v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03402**

*Rebecca Hart and Danny Hart v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03386**

*Barbara Hellman v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03378**

*Wanda Sue Hill v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03354**

*Ann Hixson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20230**

*Gordon Horton and Timothy Akins v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03328**

*Robert Jensen and Marilyn Jensen v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03381**

*Catherine P. Lockridge v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03379**

*Carmen Longoria v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03358**

*Ann Marmoraine and Joseph Marmoraine v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03355**

*Cheryl McBroom v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03400**

*Orelia McDowell v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03359**

*Janet McNeil v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03370**

*Josie Moore and Curtis Moore v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03364**

*Keith Olson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03397**

*Wanda Parker and Alvin Parker v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03350**

*Charles Penninger and Caroline Penninger v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03340**

*Lorraine Powell and Curtis Powell v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03398**

*Shelia Prigmore v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03380**

*Karen Prorok and Gerald Prorok v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03353**

*Dora G. Randall and Michael Randall v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03345**

*Margaret Rankin v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03387**

*Betty Reader v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03367**

*Adrian Reed v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03342**

*Janie Rodriguez v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03341**

*Deborah Ross-Cole and Minus Cole v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03360**

*Lorene Schumacher and Charles Schumacher v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03335**

*Frederick Schunck v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03369**

*Thomas Sentle v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03371**

*Michael Shanks v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03362**

*Martha Shear and Roger Heer v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03396**

*Betina Joan Sluss and Warren Sluss v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03363**

*Helen J. Stanley v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03343**

*Ora Terrell v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03377**

*Mary Thompson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03382**

*Cynthia Tobias v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03383**

*Beverly Hilt Tortora and Steven Tortora v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03385**

*Carole Trott v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03338**

*Kathleen Trudeau and David Trudeau v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03349**

*Steven Turbyfill v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-20213**

*Beverly Tyler v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03390**

*Joyce Webb and Ronnie Webb v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03348**

*Marion Webb and Chester Webb v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03365**

*Joyce White v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.,* **Civil Action No. 2:19-cv-03393**

*Lawrence Wilson and Shirley Wilson v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:19-cv-03366

*Kathleen Youngman and David A. Youngman v. Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKesson Corp.*, Civil Action No. 2:19-cv-03372

MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 307

Bartle, J.                                                  May 28, 2020

Plaintiffs bring these 74 actions[1] against defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Merck"), as well as against McKesson Corp., seeking damages for injuries allegedly suffered from Zostavax, a shingles vaccine. These actions are part of over 1,500 actions assigned to the undersigned in Multidistrict Litigation ("MDL") No. 2848 for coordinated or consolidated pretrial proceedings. Before the court is the omnibus motion of Merck for an expedited order to show cause as to why the actions captioned above should not be dismissed for failure to produce materially complete Plaintiff Fact Sheets in compliance with Pretrial Order No. 46.

I

We review this motion under Rule 37 of the Federal Rules of Civil Procedure. Rule 37 authorizes a district court

---

1. The law firm of Marc J. Bern and Partners represents the plaintiffs in all actions at issue.

to sanction a party who disobeys a discovery order by dismissing an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). A district court may also prohibit a "disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

Dismissing an action under Rule 37 is a matter of a district court's discretion. In re Avandia Mktg., 687 F. App'x 210, 213 (3d Cir. 2017). The same is true of a district court's decision to prohibit a party from introducing designated matters in evidence. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, when exercising the discretion to impose the sanction of dismissal or to exclude evidence such that the exclusion is tantamount to dismissal, a district court to the extend relevant must consider the six factors set out by our Court of Appeals in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). In re Avandia, 687 F. App'x at 213; Ware, 322 F.3d at 221. Poulis requires a district court to consider:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of


> alternative sanctions; and (6) the meritoriousness of the claim or defense.

II

The parties in this MDL agreed to waive for all plaintiffs the initial disclosures required under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. The parties adopted an Initial Discovery Plan in lieu of the disclosures intended "to conserve judicial and party resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation." Accordingly, each plaintiff who files an action in this MDL is required to complete a Plaintiff Fact Sheet ("PFS").

Pretrial Order No. 46 adopted a PFS form acceptable to the parties. The PFS form requires plaintiffs to provide, among other information, the date the Zostavax vaccine was received, each injury claimed to be caused by Zostavax, the date the plaintiff became aware of the injuries, the health care providers who diagnosed and treated the injuries, and approximate dates for the diagnosis and treatment. Plaintiffs must also sign medical release authorizations which permit Merck to collect medical records from the health care providers plaintiffs identify in the PFS.

Plaintiffs are bound by the answers provided in the PFS as if they are answers to interrogatories or responses to requests to produce documents pursuant to Rule 33 or Rule 34 of the Federal Rules of Civil Procedure.  Additionally, plaintiffs must supplement the answers they provide in the PFS in accordance with Rule 26.

Pretrial Order No. 46 sets the timeframe in which each plaintiff must serve a completed PFS and the procedure for raising related disputes with the Court.  Plaintiffs must verify and serve Merck a completed PFS, together with signed medical release authorizations, within 45 days of the date Merck answers or moves to partially dismiss their complaint.  Merck must then notify a plaintiff of any deficiencies it identifies in a PFS by providing a deficiency letter to the plaintiff or plaintiff's counsel.  Merck may move for an order compelling a plaintiff to resolve deficiencies contained in his or her PFS 30 days after serving a deficiency letter.

The plaintiffs in the 74 actions subject to the instant motion failed to serve <u>any</u> PFS by the deadline set out in Pretrial Order No. 46.  On November 8, 2019, Merck filed an omnibus motion for an expedited order to show cause why the actions should not be dismissed (Doc. # 427).  Most of the plaintiffs subsequently served PFS's, which they maintained mooted the motion.

We held oral argument on December 3, 2019.  During argument, Merck withdrew the motion in 18[2] of the 74 actions. Merck agreed the plaintiffs in those actions served materially complete PFS's after it filed the motion.  The parties also stipulated to dismiss two[3] of the actions.  Merck argued, however, that though the plaintiffs served PFS's in the remaining 54 actions, the PFS's were substantially blank, unverified, and/or served without usable medical release authorizations.  Merck provided the Court with several examples.

After the argument, the Court issued Pretrial Order No. 254.  The Court denied Merck's motion as moot with respect to the 20 actions no longer at issue and granted the motion in the remaining 54 actions in which Merck argued it had not received materially complete PFS's.  The Court ordered the plaintiffs in the 54 actions to produce materially complete PFS's by January 3, 2020.  We also required counsel for the plaintiffs to attest to the accuracy of each PFS and to certify that they conferred with the plaintiffs and complied with their discovery obligations in each action in good faith.  We warned the January 3, 2020 deadline would not be extended and that any

---

2.   Civil Actions Nos. 19-03330, 19-03331, 19-03334, 19-03351, 19-20222, 19-03352, 19-20227, 19-03394, 19-03339, 19-20173, 19-03399, 19-03401, 19-03386, 19-20230, 19-03328, 19-03381, 19-03348, and 19-03393.

3.   Civil Actions Nos. 19-20188 and 19-20213.

plaintiff's failure to comply with Pretrial Order No. 254 would result in dismissal with prejudice.

Merck filed a reply brief on January 10, 2020 in which it informed the Court that the plaintiffs in 16[4] more actions served materially complete PFS's (Doc. # 472).  Merck does not oppose vacating Pretrial Order No. 254 in those actions.  The parties also stipulated to dismiss another seven[5] actions.  Merck maintained the remaining 31 actions should be dismissed because the plaintiffs had still not resolved the deficiencies in their PFS's contrary to the requirements of Pretrial Order. No. 46.[6] On January 17, 2020, the plaintiffs filed a sur-reply in which they informed the court another eight[7] actions had been dismissed by stipulation (Doc. # 474).[8]

---

4.   Civil Actions Nos. 19-03336, 19-03338, 19-03345, 19-03349, 19-03355, 19-03370, 19-03372, 19-03375, 19-03382, 19-03385, 19-03387, 19-03388, 19-03396, 19-03398, 19-03400, and 19-20221.

5.   Civil Actions Nos. 19-03364, 19-03366, 19-03368, 19-03373, 19-03374, 19-03392, and 19-03402.

6.   Merck identified the deficiencies in Exhibit 1 to its reply brief (Doc. # 472-1).

7.   Civil Actions Nos. 19-03378, 19-03359, 19-03350, 19-03340, 19-03367, 19-03371, and 19-03362, and 19-03365.

8.   Plaintiffs responded to the deficiencies alleged by Merck in Exhibit A to the sur-reply (Doc. # 474-1).

III

We have reviewed the PFS's in the remaining 23 actions as well as the material delinquencies Merck asserts and the plaintiffs' responses.

There is no "magic formula" or "mechanical calculation" to determine whether an action should be dismissed under the Poulis factors.  In re Asbestos, 718 F.3d 236, 246 (3d Cir. 2013).  "In fact, no single Poulis factor is dispositive" and "not all of the Poulis factors need be satisfied in order to dismiss a complaint."  Id.

The administration of actions in an MDL is different from the administration of individual actions on a court's docket.  In re Asbestos, 718 F.3d at 246.  The purpose of centralizing actions in an MDL is their efficient preparation for trial.  Id. at 248.  Any delay or failure of a plaintiff in an MDL to provide discovery central to the merits of his or her claims undermines this purpose.  See id.  Prejudice caused to an MDL defendant by such a delay or failure can weigh greatly in favor of dismissal under Poulis.  Id.  This is particularly true when a court is ill-equipped to assess the meritoriousness of a plaintiff's claims when weighing the Poulis factors.  Id.

As noted above, the PFS form accepted by the parties and adopted by the Court requires each plaintiff to provide: the date the Zostavax vaccine was received, each injury claimed to

be caused by Zostavax, the date the plaintiff became aware of the injuries, the health care providers who diagnosed and treated the injuries, and approximate dates for the diagnosis and treatment.  Plaintiffs are also required to serve executed medical release authorizations to enable Merck to collect medical records from the health care providers identified in the PFS.

This discovery, at minimum, is necessary to assess the meritoriousness of the plaintiffs' claims that Zostavax caused them injury.  Failure to provide it undermines the purpose of centralizing the actions in this MDL.  For this reason, we give great weight to prejudice where a plaintiff provides materially inconsistent responses to the inquires listed above.  We do the same where a plaintiff omits material information or fails to provide executed medical release authorizations that can be used by Merck to collect medical records related to a plaintiff's injuries.[9]

---

9.  We previously considered in this MDL whether to impose the sanction of dismissal due to the failure to serve a materially complete PFS.  In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig., MDL No. 2848 (E.D. Pa. Mar. 30, 2020).  We found no prejudice where an overall review of a PFS resolved the deficiencies alleged by Merck or where a plaintiff responded in good faith that he or she did not recall.  We also found dismissal unwarranted where the deficiencies Merck alleged required the Court to speculate as to the merits of some unspecified defense.  The Court does not now depart from this reasoning.

Merck alleges that the PFS served by the plaintiffs in the following four actions omit answers to numerous questions, are unverified, and were served without medical release authorizations: Rodriguez v. Merck & Co., Inc., et al. Civil Action No. 19-03341; Stanley v. Merck & Co., Inc., et al., Civil Action No. 19-03343; Beard, et al. v. Merck & Co., Inc., et al., Civil Action No. 19-20226; and Furiosi v. Merck & Co., Inc., et al., Civil Action No. 19-03356.  These plaintiffs do not respond to the deficiencies identified by Merck.[10]  Their PFS's are indeed not verified, attach no medical release authorizations, and omit answers to numerous questions.  The record demonstrates no effort by any of these plaintiffs to show cause why their actions should not be dismissed.  The Poulis factors weigh in favor of dismissal.  These actions will be dismissed.

Merck alleges the medical release authorizations the plaintiffs served in the following seven actions cannot be used to collect medical records: Guffy, et al. v. Merck & Co., Inc., et al., Civil Action No. 19-03357; Ross-Cole, et al. v. Merck & Co., Inc., et al., Civil Action No. 19-03360; Atkins, et al. v. Merck & Co., Inc., et al., Civil Action No. 19-03361; Schunck v.

---

10. Plaintiff Ann Marie Furiosi requested the Court grant her a seven-day extension to amend her PFS two weeks after the deadline set in Pretrial Order No. 254 had already passed.  The extension plaintiff requested has long since expired with no update from her or her counsel.

Merck & Co., Inc., et al., Civil Action No. 19-03369; Prigmore v. Merck & Co., Inc., et al., Civil Action No. 19-03380; Tobias v. Merck & Co., Inc., et al., Civil Action No. 19-03383; and Tyler v. Merck & Co., Inc., et al., Civil Action No. 19-03390.

On January 17, 2020, counsel for these plaintiffs represented they served or would serve Merck new authorizations. The new authorizations were never made a part of the record. We will order the plaintiffs to submit the authorizations for the Court's review, evidencing the date they were served. The action of any plaintiff who has failed to serve Merck usable medical release authorizations, contrary to the representation of their counsel, will be dismissed.

IV

We find some of the omissions Merck alleges the PFS's contain in the following three actions to be material. However, we do not find the Poulis factors weigh in favor of dismissal. We will instead prohibit the plaintiffs in the following actions from introducing evidence related to the material deficiencies contained in their PFS's pursuant to Rule 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure.

Merck seeks dismissal of Olson v. Merck & Co., Inc., et al., Civil Action No. 19-03397, on the ground that the plaintiff failed to identify and itemize in his PFS the out-of-pocket medical expenses he claims in connection with

his Zostavax-related injuries.  The plaintiff has shown cause as to why his action should not be dismissed.  However, plaintiff fails to identify any out-of-pocket medical expenses as alleged by Merck and does not otherwise respond.  This omission is material.  We will therefore vacate Pretrial Order No. 254 in this action but prohibit the plaintiff from introducing evidence to support any claim for out-of-pocket medical expenses.

Merck seeks dismissal of Hill v. Merck & Co., Inc., et al., Civil Action No. 19-03354, on the ground that the plaintiff has not served the records she stated are in her possession in response to Question 9 of Section VI of the PFS.[11]  The plaintiff in this action has shown cause as to why the action should not be dismissed.  However, her failure to serve the records described in Question 9 is material.  On January 17, 2020, her counsel represented to the Court that the records would be served.  We will vacate Pretrial Order No. 254 in this action. We will prohibit the plaintiff from introducing in evidence any records described in Question 9 that have not been served on Merck to date.

---

11. Question 9 asks whether a plaintiff has within their possession "[d]iaries, calendars, or other writings or recordings made by the Plaintiff describing, discussing, explaining or referring to the injuries, damages, or causes of action alleged by the Plaintiff."  A plaintiff who answers "Yes" in response to whether he or she possesses such records must serve them with the PFS.

The plaintiff in Bechtol v. Merck & Co., Inc., et al., Civil Action No. 19-03395, states in her PFS she suffered shingles and pneumonia as a consequence of receiving the Zostavax vaccine. Merck seeks dismissal of this action on the ground that the plaintiff does not identify the health care provider or dates of diagnoses and treatment for her pneumonia. We find the plaintiff has shown cause as to why her action should not be dismissed. However, her omissions with respect to the alleged injury of pneumonia are material. On January 17, 2020, her counsel represented to the Court her PFS would be amended to indicate whether she was diagnosed and treated for pneumonia. We will vacate Pretrial Order No. 254 in this action. However, the plaintiff will be prohibited from introducing evidence to support a claim that Zostavax caused her any pneumonia for which she has not to date served an amended PFS that identifies diagnosis and treatment dates and health care providers.

V

Each deficiency identified by Merck in the remaining 9 of the 23 actions that are subject to Pretrial Order No. 254 are either resolved by an overall review of the PFS or are not material. We find each of these plaintiffs has shown cause why his or her action should not be dismissed.