IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2848 |
| THIS DOCUMENT RELATES TO: | : : | |
| MARITA DECARLO, et al. v. MERCK & CO., INC., et al. | : : : : : | CIVIL ACTION NO. 19-05633 |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 332

Bartle, J.                                                    November 19, 2020

      This lawsuit involving Merck's Zostavax vaccine named as plaintiffs Marita DeCarlo and her spouse Ralph DeCarlo.  It turns out that both spouses had been deceased for some time before the complaint was filed in this Court on November 29, 2019.  Marita DeCarlo had died on October 24, 2018 and Ralph DeCarlo had died on April 20, 2019.  On October 28, 2020 the present motion was filed to substitute as plaintiff April McNab, the surviving daughter of Marita DeCarlo, as the administrator of her estate under New York law and to amend the complaint to reflect this substitution.  Defendants oppose the motion.

      Rule 25(a) of the Federal Rules of Civil Procedure provide that "if a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's

successor or representative."  Rule 25, however, does not apply where the action was originally brought in the name of a person who was already dead.  A lawsuit filed in the name of a decedent is a nullity and cannot be revived after the fact by attempting to substitute a successor or legal representative as the plaintiff.  In re Asbestos Prod. Liab. Litig. (No. VI), 311 F.R.D. 152 (E.D. Pa. 2015).

Accordingly, the motion to substitute April McNab as the plaintiff and to amend the complaint to reflect the substitution will be denied.  The complaint will be dismissed.