```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ZOSTAVAX (ZOSTER VACCINE    :   MDL NO. 2848
LIVE) PRODUCTS LIABILITY            :
LITIGATION                          :
_____:
                                    :
THIS DOCUMENT RELATES TO:           :   CIVIL ACTION NO. 18-md-2848
ALL CASES                           :
_____:   _____
```

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 373

Bartle, J.                                               August  11, 2021

Before the court is the motion of Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively, "Merck") to strike portions of plaintiffs' Expert Addenda.

After the close of fact discovery in the Group Bellwether cases, the Plaintiffs' Executive Committee ("PEC") moved to compel Merck to produce discovery concerning the individual Cycle Threshold Values and Delta CT Values obtained from polymerase chain reaction ("PCR") testing of rash samples conducted in all of the Zostavax clinical trials.  The PEC contended that it had sought this information from Merck over several years without success, but Merck strongly disagreed that the PEC had ever requested it.  Without resolving this dispute, the court on June 10, 2021 ordered Merck to produce this information on or before June 18, 2021.  Merck produced what they had as ordered.

By June 18, 2021, the parties had served their expert reports, and the depositions of the experts were in the process of being scheduled or taken. The court had also set dates for Daubert motions. At the status conferences on June 22 and June 29, the PEC represented to this court and to Merck's counsel that it would need to supplement certain of its expert reports as a result of Merck's recent discovery production. However, it repeatedly assured the court that if allowed the changes would be quite limited and would relate solely to what Merck had provided on June 18. There was no indication that any additional changes would be needed or required. The PEC also stated that its expert Dr. Peter Norberg would not be making any changes to his report. The PEC's position seemed quite reasonable.

Based on these representations, the court on June 30, 2021 entered Pretrial Order ("PTO") No. 361 which vacated existing deadlines for expert reports, expert depositions and Daubert motions. PTO 361 allowed plaintiffs until July 9, 2021 to file supplemental reports of experts while defendant Merck was to serve any supplemental reports by July 19, 2021. The deadline for completion of the depositions of experts was extended to September 3, 2021 and the filing of Daubert motions was extended to September 17, 2021.

The PEC produced addenda for their expert reports on July 9. On July 16, 2021, Merck filed the pending motion to strike portions of Plaintiffs' Expert Addenda. It maintained that the supplemental reports of plaintiffs' experts Dr. Pinghui Feng and Dr. Darren Scheer go beyond Merck's June 18, 2021 discovery production and renege on the representations of the PEC made to the court and to Merck's counsel. Merck is correct. Contrary to what the PEC had said it would do, it also served a supplemental report of Dr. Norberg. Merck seeks to strike this supplement in its entirety and to strike the portions of the supplemental reports of the other two experts that deviate from the PEC's representations.

In their brief opposing Merck's motion, PEC concedes as it must that it made the statements that its supplemental expert reports would be quite limited and relate only to Merck's June 18, 2021 production. Aside from just one reference, however, the PEC's brief entirely ignores its representations. It seeks to change the subject by arguing generally about the right to amend expert reports.

The court recognizes it has discretion to permit changes to expert reports and should consider various factors under Meyers v. Pennypack Woods Home Ownership, 559 F.2d 894, 904-05 (3d Cir. 1971) in deciding whether to do so. Indeed, it granted plaintiffs the opportunity to allow their experts to

amend their reports to include an analysis of the new information produced by Merck on June 18, 2021.

The PEC assured the court that it was not seeking carte blanche for wholesale revisions to obtain a second bite at the apple.  One of the critical Pennypack factors is whether there has been any bad faith or willfulness in failing to comply with a court order.  The court entered PTO No. 361 in reliance on the PEC's repeated representations that the supplemental expert reports would be limited to an analysis of Merck's June 18, 2021 production.  The PEC clearly knew the intention of this court and flaunted it.  Here the PEC's conduct is certainly willful, if not in bad faith.  This is not a case where a party simply missed a deadline.  See In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-93 (3d Cir. 1994).

Accordingly, the court will strike the supplemental report of Dr. Norberg in its entirety and the addenda to the reports of Dr. Feng and Dr. Scheer to the extent that they do not rely on Merck's June 18, 2021 discovery production.