IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ZOSTAVAX (ZOSTER VACCINE | : | MDL NO. 2848 |
| LIVE) PRODUCTS LIABILITY | : | |
| LITIGATION | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | CIVIL ACTION NO. 18-md-2848 |
| ALL CASES | : | |
| _____ | : | _____ |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 384

Bartle, J.                                         October  6, 2021

        Before the court is the motion of Chris and Pat Juday, husband and wife plaintiffs in Juday, et al. v. Sadaka, et al., Civil Action No. 19-1643 (E.D. Pa.) to modify or clarify the August 3, 2021 Pretrial Order No. 371 in this multidistrict litigation.  They seek to obtain "access to expert reports exchanged and are expected to be used at the time of trial to prove that Zostavax is a defective product that causes harm" as well as access to the depositions of those experts.

        On August 3, 3021, the court granted the motion of Chris and Pat Juday to intervene under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure in this multidistrict litigation involving Zostavax, the vaccine of Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively "Merck") to prevent shingles.  The intervention allowed was limited.  The Judays moved "for full and complete discovery regarding Zostavax."  The court, however, granted the motion to intervene only to allow

the Judays to have access to fact discovery subject to the October 24, 2018 Protective Order (Pretrial Order No. 19).  Any fact discovery obtained had to be at their own expense.  The court also stated that "the Judays and their counsel shall not be permitted otherwise to participate in this multidistrict litigation."  See Docket Nos. 778 and 779.

The Judays, as has been noted on a number of previous occasions, filed an action against Merck for injuries allegedly suffered by Chris Juday from the Zostavax vaccine.  Juday v. Merck & Co., Inc., Civil Action No. 16-1547 (E.D. Pa.).  Their attorney filed the action too late, the court granted summary judgment in favor of Merck, and the Court of Appeals affirmed. Juday v. Merck & Co., Inc., 2017 WL 1374527 (E.D. Pa. April 17, 2017), aff'd at 730 Fed. App'x 107 (3d Cir. 2018).

Thereafter, the Judays obtained new counsel and filed a legal malpractice action against their earlier attorney Mark T. Sadaka, Esquire and Sadaka Associates LLC.  In Pennsylvania, plaintiffs must prove a case within a case.  They must establish that they would have been successful in the underlying action and that the negligence or breach of duty of care on the part of their former attorneys was the proximate cause of plaintiffs' loss.  Kituskie v. Corbman, 714 A.2d 1027, 1029-30 (Pa. 1988). To prove the underlying case, they will surely need expert testimony concerning the cause of Chris Juday's injuries. See,

-2-

e.g., In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.,
Civil Action No. 18-20070, 2021 WL 2808815, at *2 (E.D. Pa. July
6, 2021).

       To the extent that the Judays seek to clarify the
court's August 3, 2021 order, the motion is without merit.  The
order is perfectly clear that access is granted only as to fact
discovery.

       The Plaintiffs Executive Committee ("PEC") of the MDL
has responded that MDL plaintiffs have no objection to the
Juday's pending motion to modify Pretrial Order No. 371.  Merck
has responded that it takes no position.  The only objection has
come from the Sadaka defendants in Civil Action No. 19-1643, who
are not parties to the MDL.[1]  If none of the parties in the MDL
objects to providing the Judays access to expert discovery, the
court sees no compelling reason why a non-party should block
access when, as here, the discovery is not in the possession of
that non-party.

       The MDL plaintiffs request, however, that the Judays
should be subject to the MDL's Common Benefit Order (Pretrial
Order No. 273).  It requires parties who receive common benefit
work to contribute to common benefit expenses that have been

_____

1.  While Mr. Sadaka is counsel for certain MDL plaintiffs and
is a member of the PEC, he speaks for himself, not for his
clients, and he has taken no part in the PEC's response here.

                              -3-

incurred by all parties.  The court finds this request to be fair and reasonable.[2]  If the Judays are going to benefit, they must pay their fair share.  The Judays must agree to do so before any further access to discovery.

While the court is granting the Judays access to fact and expert discovery in this MDL, the court's ruling should not be construed as deciding any other issue such as admissibility of evidence or access of Mr. Sadaka to Merck's experts beyond what is included in the discovery.

---

2.  As noted above, in Pretrial Order No. 371, the court ordered the Judays to bear the expense of obtaining MDL discovery.