```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| IN RE:  ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2848 |
| THIS DOCUMENT RELATES TO: | : : : | |
| CAROLYN ADAMS v. MERCK & CO., INC. et al. | : : : | CIVIL ACTION No. 20-5756 |

<u>MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 446</u>

Bartle, J.                                              August 11, 2022

    Before the court is the motion of defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively "Merck") to dismiss the complaint of plaintiff Carolyn Adams pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure for failure to serve a plaintiff fact sheet ("PFS") on Merck as required under the court's pretrial orders.[1]

    Adams's case is part of a multidistrict litigation ("MDL") regarding Zostavax, Merck's vaccine to prevent shingles. The court has entered a number of orders to manage case-specific discovery in this MDL.  A critical discovery mechanism in MDLs such as this one is the PFS.  Requiring each plaintiff to serve

---

1. In Merck's present motion, it also sought dismissal of the complaints of five other plaintiffs for their failures to produce plaintiff fact sheets.  None of those five plaintiffs filed any opposition to Merck's motion, so the court granted Merck's motion to dismiss those cases as unopposed.  <u>See</u> Pretrial Order No. 444.

on Merck an PFS "provide[s] counsel for both sides with the basic information necessary to move th[e] consolidated proceeding through the process and toward a resolution." In re Allergan Biocell Textured Breast Implant Prod. Liab. Litig., MDL No. 19-2921, 2022 WL 3211421, at *4 (D.N.J. Aug. 9, 2022). Here, a plaintiff must serve on Merck a PFS and documentation related to their injuries as well as an authorization for Merck to access pertinent medical records. See Pretrial Order No. 46. The plaintiff must supply this information within 45 days after Merck files an answer or otherwise responds to the complaint. See id.

Plaintiff Carolyn Adams filed her complaint on November 18, 2020. Merck answered the complaint on January 4, 2021. Under Pretrial Order No. 46, Adams was required to serve on Merck her PFS and accompanying documents on or before February 18, 2021. She did not do so. On May 31, 2022, Merck filed a motion to compel Adams, among others, to produce a PFS. The court granted Merck's motion and entered an order requiring Adams to produce her PFS on or before June 16. See Pretrial Order No. 433. This deadline, too, passed without Adams complying with the court's order. Merck then moved to dismiss her complaint on June 30. It was not until July 5 and 7, approximately a year and a half after the PFS was originally due, that Adams finally served her PFS together with certain

required documentation.  Adams's counsel has never provided any basis for the delay.

As mentioned above, Merck moves to dismiss Adams's case for failure to file timely a PFS pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.  Rule 37(b)(2)(A)(v) authorizes a district court to sanction a party who disobeys a discovery order by dismissing an action in whole or in part.  Similarly, Rule 41(b) provides, "If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action."

In deciding whether dismissal for failure to comply with a court order is warranted, the court considers six factors outlined by our Court of Appeals in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

> (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.

In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 687 F. App'x 210, 213 (3d Cir. 2017) (citing Poulis, 757 F.2d at 868-70).  There is no "magic formula" or "mechanical calculation" to determine whether an action should be dismissed under the Poulis factors.  In re Asbestos, 718 F.3d 236, 246 (3d

Cir. 2013). "In fact, no single Poulis factor is dispositive" and "not all of the Poulis factors need be satisfied in order to dismiss a complaint." Id. "[T]he complexity of managing an MDL necessitates . . . greater flexibility to dismiss a plaintiff for a discovery violation." In re Taxotere (Docetaxel) Prods. Liab. Litig., 966 F.3d 351, 358 (5th Cir. 2020). As such, the court applies the Poulis factors with particular care for the "purpose of centralizing actions in an MDL," which is the "efficient preparation for trial." In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig., MDL No. 18-2848, 2020 WL 2771189, at *3 (E.D. Pa. May 28, 2020) (citing In re Asbestos, 718 F.3d at 248).

First, the sole responsibility for Adams not timely producing her PFS lies squarely with either her or her counsel. McLaughlin v. Bayer Essure Inc., Civ. A. No. 16-2154, 2018 WL 10878125, at *3 n.5 (E.D. Pa. Feb. 7, 2018). Filling out the PFS requires the disclosure of basic medical information that "should be readily available" to a plaintiff. In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig., MDL No. 14-2502, 2015 WL 12844447, at *2 (D.S.C. June 19, 2015). As noted above, no justification has ever been advanced for the delay.

Second, the delay in serving Adams's PFS has prejudiced Merck. Without access to basic information about

Adams's claim, Merck is "unable to mount its defense because it ha[s] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1234 (9th Cir. 2009). For example, Merck cannot make bellwether selections without the ability to assess the strengths and weaknesses of individual cases. In re Allergan, 2022 WL 3211421, at *4. In addition, there is significant time pressure on Merck to investigate the claims of more than 2000 plaintiffs. For these reasons, "the danger of prejudice [is] substantial." In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig., 496 F.3d 863, 867 (8th Cir. 2007).

Third, a history of dilatoriness has been exhibited in failing to observe the court's deadlines for serving her PFS. As mentioned above, her PFS was originally due in February 2021, a year and a half ago. Her PFS was not served even after the court granted Merck's motion to compel her to do so by June 16, 2022. It was not until Merck then moved to dismiss that Adams or her counsel was spurred to comply with this basic discovery obligation. Such brazen delay undermines efforts to effect the expeditious and efficient functioning of this MDL.

Fourth, the court doubts the effectiveness of any sanction other than dismissal with prejudice. Ensuring obedience to discovery orders in an MDL is paramount. "Sound

management of the court's docket . . . counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added." In re PPA, 460 F.3d at 1234.  Giving "preferential treatment" to a plaintiff who defies discovery obligations may cause other plaintiffs to "perceive an opportunity to flout the discovery schedule," too. In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Prod. Liab. Litig., 30 F. App'x 27, 30 (3d Cir. 2002); see also In re PPA, 460 F.3d at 1233-34.  The court will not tacitly condone discovery abuses by the glaring delay in serving the PFS here.

In sum, Adams, or her counsel, has repeatedly and unjustifiably delayed serving Merck with critical information about her claim in violation of this court's discovery orders. Although dismissal with prejudice is an extreme remedy, the court is convinced that it is "justly merited" here.  See Ware, 322 F.3d at 221-22.  Accordingly, Merck's motion to dismiss Adams's complaint with prejudice will be granted.[2]

---

2.  Merck also objects to "deficiencies" in Adams's PFS.  It notes that her complaint and her PFS allege somewhat differing injuries.  It also takes exception to the PFS's repeated use of the response "I don't recall" as to various details.  The court need not decide whether the content of Adams's PFS warrants dismissal because dismissal is warranted based on the glaring tardiness of the PFS.