IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2848 CIVIL ACTION NO. 18-md-2848 |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| DAVID DERAY v. MERCK & CO., INC., et al. Civil Action No. 21-447 | : : : | |
| | : | |
| WILLIAM GREEN v. MERCK & CO., INC., et al. Civil Action No. 21-3451 | : : : | |
| | : | |
| JERRY GREER v. MERCK & CO., INC., et al. Civil Action No. 19-3975 | : : : | |
| | : | |
| CAROL MITCHELL v. MERCK & CO., INC., et al. Civil Action No. 20-538 | : : : | |
| | : | |
| ANNA STEELE v. MERCK & CO., INC., et al. Civil Action No. 20-338 | : : : | |
| | : | |
| RANDALL HEARD v. MERCK & CO., INC., et al. Civil Action No. 21-961 | : : : | |
| _____ | : | _____ |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 447

Bartle, J.                                                 August 11, 2022

        This multidistrict litigation ("MDL") involves

Zostavax, a vaccine developed to prevent shingles.  Before the

court is the motion of defendants Merck & Co., Inc. and Merck

Sharp & Dohme, Corp. (collectively "Merck") to dismiss the above

actions pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure or, in the alternative, for an order to show cause

with expert support why the complaints in the above-captioned

cases should not be dismissed.

The court and the parties have divided the cases in

this MDL into two groups.  Group A consists of cases in which

plaintiffs have alleged that Zostavax, Merck's vaccine to

prevent shingles, has caused them to suffer from shingles.

Group B cases are those where plaintiffs have alleged that

Zostavax has caused injuries other than shingles.

On March 9, 2022, the court issued Pretrial Order

No. 424.  It provided:

> (1)  Defendants shall provide to Plaintiffs'
> Executive Committee on or before March 14,
> 2022, a list of ten Group B Bellwether cases
> involving plaintiffs with injuries other
> than hearing loss; and
>
> (2)  Plaintiffs' Executive Committee shall
> advise defendants in writing on or before
> April 28, 2022, as to which of the ten cases
> it believes in good faith will have
> sufficient supporting evidence for a jury to
> find in the plaintiff's favor.

This order was entered in part as a result of the

failed process for obtaining Group B bellwether cases for trial.

As a first step, Merck and the Plaintiffs' Executive Committee

("PEC") previously selected two cases each, four total, for

possible trial.  See Pretrial Order No. 313.  After specific

fact discovery had been taken in the selected cases, the PEC advised the court and Merck that plaintiffs could not prove causation in the two cases chosen by Merck.  After Merck selected two replacement cases, the PEC again advised Merck that it could not proceed with causation proof as to these cases either.

Thereafter, the court, in Pretrial Order No. 424, required plaintiffs to review a new group of ten Group B cases selected by Merck and to advise Merck and the court before any case-specific discovery occurred "as to which of the ten cases it believes in good faith will have sufficient supporting evidence for a jury to find in the plaintiff's favor."  The court sought to avoid any further wasted time on case-specific fact or expert discovery if the cases were not deemed viable by the PEC.

At the end of the 45 days by which the PEC was to respond, the PEC identified only four of the ten cases "for inclusion as defense picks in the Group B bellwether program." Significantly, it did not provide the "good faith" certification required by Pretrial Order No. 424.  Finally in a conference call on May 12, 2022, the court directed the PEC to comply with Pretrial Order No. 424.  The PEC, by letter dated May 13, 2022, thereupon stated that it had a good faith belief that it has

sufficient supporting evidence as to the four cases.  As to the
remaining six cases that Merck had selected, the PEC stated:

> Based on the limited information available
> at the time of our review, we do not at this
> time have a good faith belief that any of
> the remaining six (6) cases will have
> sufficient supporting evidence for a jury to
> find in the plaintiff's favor. It should be
> understood, however, that case-specific and
> expert discovery, as well as an eventual
> trial, in any one of these six (6) cases
> could reveal that our present good faith
> belief as stated above is incorrect.

It is Merck's position that these six cases should be
dismissed since on its review the PEC has conceded that at this
time there is insufficient evidence to proceed.  Alternatively,
Merck asks the court to compel plaintiffs to provide sufficient
expert evidence to avoid dismissal.

This MDL, which is now four years old, presently
consists of over 2,000 cases.  The focus initially was on
generic or general discovery from Merck.  The PEC has obtained
discovery from Merck consisting of over 6,000,000 documents and
conducted 40 depositions.  Plaintiffs in both Group A and Group
B actions have also been required to serve on Merck fact sheets,
authorizations granting Merck access to pertinent medical
records, and supporting documents such as medical records,
photographs of plaintiffs' injuries, or contemporaneous
statements describing those injuries.  See Pretrial Order No.
46.  There has also been case-specific fact and expert discovery

-4-

and extensive pretrial motions in the five Group A bellwether
cases--cases where plaintiffs allege that Merck's Zostavax
vaccine caused them to suffer from shingles.  Regular status
conferences have been held and over 400 pretrial orders have
been entered.

 After completion of case-specific discovery in the
five Group A bellwether cases,[1] the court granted Merck's motions
under Daubert v. Merell Dow Pharm., Inc., 509 U.S. 579 (1993),
to exclude the testimony of plaintiffs' expert on causation.
See Pretrial Order No. 409; In re Zostavax (Zoster Vaccine Live)
Prod. Liab. Litig., MDL No. 18-2848, 2021 WL 5631687 (E.D. Pa.
Dec. 1, 2021).  The court thereafter granted summary judgment in
favor of Merck in all five cases.  See Pretrial Order Nos. 411,
413, 415, 417, 419.  While these plaintiffs appealed the court's
orders granting summary judgment, they have voluntarily
dismissed those appeals.  See, e.g., May 24, 2022 Order, David
Elmegreen v. Merck & Co. Inc., et al., No. 22-1023 (3d Cir.).
There is now a Lone Pine order in place as to all Group A cases.
See Pretrial Order No. 426.

---

1.  The court granted summary judgment in favor of Merck in a
sixth Group A bellwether case because the plaintiff did not
supply any expert testimony.  See Pretrial Order Nos. 363, 364;
In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig., MDL No.
18-2848, Civ. A. No. 18-20070, 2021 WL 2808815 (E.D. Pa. July 6,
2021).

The focus has recently turned to Group B bellwether
cases where, as noted above, plaintiffs have alleged various
injuries from Zostavax other than the occurrence of shingles.
Case-specific discovery on the two Group B bellwether cases
previously selected by the PEC has been completed.  Case-
specific discovery has begun on the four supplemental Group B
cases recently selected by Merck.  See Pretrial Order No. 445.
In November, Merck will select two of the four supplemental
Group B cases for inclusion in the bellwether trial pool.  See
id.

The purpose of Pretrial Order No. 424 has been
accomplished to obtain cases chosen by Merck which the PEC has
certified as viable for Group B bellwether trials.  The six
cases chosen by Merck which did not make the cut as bellwether
cases, like the hundreds of remaining Group B cases, have not
yet proceeded to case-specific fact or expert discovery, except
for the plaintiff fact sheets and medical authorizations.  It
would be an unnecessary burden as well as a distraction to
require further efforts at this point by the PEC or plaintiffs'
counsel in these six cases beyond what is currently required
simply because Merck has singled them out from the remaining
hundreds of Group B cases.  Although the PEC has said it cannot
now certify them as ones that it believes in good faith have
sufficient supporting evidence for a jury to find in plaintiffs'

favor, it explained that its statement was "based on the limited

information available at the time of our review."  It has not

conceded that these cases could not proceed in good faith in the

future.

The court recognizes that an attorney filing an action

in the federal court, whether as a part of an MDL or otherwise,

makes certain certifications as set forth in Rule 11 of the

Federal Rules of Civil Procedure.  An attorney certifies that to

the best of the attorney's knowledge, information and belief,

formed after inquiry reasonable under the circumstances that:

> (2)  the claims . . . are warranted by
> existing law or by a nonfrivolous
> argument for extending, modifying,
> or reversing existing law or for
> establishing new law; [and]

> (3)  the factual contentions have
> evidentiary support or, if
> specifically so identified, will
> likely have evidentiary support
> after a reasonable opportunity for
> further investigation or
> discovery.

The court takes this Rule 11 certification seriously.

The PEC and plaintiffs' counsel must always be mindful of their

Rule 11 obligations.  It also expects the PEC and plaintiffs'

counsel to seek dismissal of cases whenever it becomes clear

they lack merit.  Nonetheless, the court does not have before it

sufficient information to determine whether plaintiffs'

attorneys complied with Rule 11 when they filed the complaints

in issue.  Much can often change in the interim.  While the PEC's response to Pretrial Order No. 424 with respect to the six cases is troubling, it does not establish a violation of Rule 11 or a basis to dismiss under <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863 (3d Cir. 1984).

In sum, dismissal at this time would be an unwarranted sanction, particularly as case-specific fact and expert discovery has not yet been completed in these six cases. Requiring additional proof in these cases now would also distract from the Group B bellwether program, which has already suffered delays, as well as from this MDL's procedures generally.  Merck's motion is premature, and it has currently suffered no prejudice.  <u>See</u> <u>id.</u> at 868-70.

Accordingly, the motion of Merck to dismiss the above actions pursuant to Rule 41(b) of the Federal Rules of Civil Procedure or, in the alternative, for an order to show cause with expert support why the complaints in the above-captioned cases should not be dismissed will be denied without prejudice.