```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ZOSTAVAX (ZOSTER          :   MDL NO. 2804
VACCINE LIVE) PRODUCTS            :
LIABILITY LITIGATION              :   CIVIL ACTION NO. 18-MD-2848
_____    :   _____
```

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 514

Bartle, J.                                        November 29, 2023

      This multidistrict litigation ("MDL") encompasses actions brought against Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Merck") in which plaintiffs claim various injuries and illnesses caused by Zostavax, Merck's vaccine designed to prevent shingles. The MDL is now in its fifth year. Before the court is the motion of Merck for the entry of a case review case management order related to what have been designated as Other Group B cases.

      Group A cases are those in which plaintiffs allege shingles as their sole injury. All of these cases in which service has been made have been dismissed as without merit, but an appeal is pending.[1] Group C cases are those in which

---

1. On December 6, 2019, the parties chose six Group A bellwether trial pool cases. After the court excluded the opinion of plaintiffs' expert, Dr. Mark Poznansky, summary judgment was granted for defendants in all six of the Group A bellwethers on December 7, 2021. Appeals were filed, but shortly thereafter, plaintiffs voluntarily dismissed these appeals. On December 6, 2022, Pretrial Order No. 458 dismissed all remaining 1,189 Group A cases in which plaintiffs only

plaintiffs allege hearing loss as their only injury. Group B cases are those in which plaintiffs allege other types of injuries but also includes cases where shingles or hearing loss are alleged along with the other injuries. The Other Group B cases, for present purposes, are those cases in which plaintiff alleges injuries that do not include shingles or hearing loss.[2] The Other Group B cases also exclude any of the three Group B bellwether trial pool cases.[3] There are approximately 398 Other Group B cases.

The long-standing effort to bring Group B bellwether cases to trial has not been met with success. In a process established by court order, both Plaintiffs' Executive Committee and Merck have selected cases for inclusion in the Group B bellwether trial pool. Nonetheless, in no less than ten cases, plaintiffs have belatedly conceded their inability to put forward any viable expert testimony, or court has ruled that the testimony of plaintiffs' experts should be excluded upon the motion of Merck.

---

allege shingles and in which service has been made. As noted, that order is on appeal.
2.   At this point, no cases have been called to the court's attention in which plaintiff alleges both hearing loss and another injury.
3.   The trial pool cases are: Kobylinski v. Merck & Co., Civ. A. No. 19-4772, Bockus v. Merck & Co., Civ. A. No. 18-20020, and Billeci v. Merck & Co., Civ. A. No. 17-486.

Group C, that is those cases where plaintiffs allege that Zostavax caused hearing loss, initially encompassed some fifty-eight cases. In Pretrial Order No. 472, the court required plaintiffs' counsel to review all Group C cases and dismiss those they believed to lack merit. Of those fifty-eight cases, fifty have been voluntarily dismissed. In another five, plaintiffs' counsel recommended dismissal to their clients as of the date this motion was filed. Since then, three of those cases have been dismissed due to failure to prosecute and the remaining two cases have been dismissed for plaintiffs' failure to provide medical authorizations. Only three cases remain in Group C.

Based on what has already occurred with Group A, Group B, and Group C cases, it is not surprising that Merck has filed a motion for a case review case management order to compel plaintiffs' counsel to review all Other Group B cases, that is cases where shingles or hearing loss is not one of the injuries alleged. The motion seeks dismissal of those cases where plaintiffs' counsel, in good faith, does not believe the claims to be meritorious. A stipulation of dismissal in those cases is contemplated. With respect to each of the remaining Other Group B cases, Merck seeks an order requiring plaintiffs to produce a signed declaration in which an expert, after reviewing plaintiffs' medical records and any other information, states

3

that based on that review, he or she is prepared to testify to a reasonable degree of medical certainty that there is both general causation linking Zostavax to the type of injury or illness claimed and also specific causation tying Zostavax to plaintiffs' illness or injury.  While the expert must state that he or she is prepared to testify as to this opinion, no expert report pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure would be required at this stage.  If plaintiff fails to submit a declaration of a medical expert, Merck would then file a motion for dismissal under Rule 41(b).

Unfortunately, the history of this multidistrict litigation demonstrates that a significant number of its more than two thousand actions have been found to lack merit. Furthermore, any trial of Group B bellwether cases remains at a standstill because of the factual and legal inadequacies of the selected cases.  It is time to weed out cases which cannot be supported by an expert declaration rather than continue to go through the current process for selecting bellwether cases. Plaintiffs' counsel are not being asked to do anything they were not already obligated to do or anything they are not obligated to do as part of pretrial proceedings.  A case review case management order as Merck seeks is in the interest of proper case management and will "promote the just and efficient conduct of such actions."  See 28 U.S.C. § 1407.  Our Court of Appeals

4

has recognized that district courts "have significant latitude to manage their dockets and to mitigate potential burdens on the defendants and the Court" in overseeing MDLs. <u>Homer v. LivaNova Deutschland GmbH</u>, 994 F.3d 173, 178 (3d Cir. 2021).

Merck requests that the order be made applicable to all 398 Other Group B cases. The court concludes that such a burden on plaintiffs' counsel would be unduly onerous at this time. Rather, the court will require review of only a portion of the Other Group B cases. At this stage, all plaintiffs' firms except Morgan & Morgan ("Morgan"), Sadaka & Associates ("Sadaka"), Marc J. Bern & Partners ("Bern"), and the Potts Law Firm shall review all of their Other Group B cases. The firms required to review all such cases have a much smaller inventory as compared to the firms named above. Morgan shall review the oldest forty (40) of their Other Group B cases, rather than its total of 192. Sadaka shall review the oldest twenty-seven (27) of its Other Group B cases, rather than all 53. Bern shall review the oldest twenty-four (24) of their Other Group B cases, rather than 47. The Potts Law Firm shall review the oldest twenty-one (21) of their Other Group B cases, rather than 40. In total, plaintiffs' counsel shall review 173 cases. The court will then assess the result of the review process before determining whether to apply this procedure to the remaining Other Group B cases.

The type of order being entered today not only has merit but is also consistent with precedent in this district. See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig., MDL No. 1871, 2010 WL 4720335, at *1 (E.D. Pa. Nov. 15, 2012) (PTO 121).