IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE: ZOSTAVAX (ZOSTER VACCINE  :       CIVIL ACTION
LIVE) PRODUCTS LIABILITY         :
LITIGATION                       :       MDL No. 2848
```

PRETRIAL ORDER NO. 514

AND NOW, on this 29th of November, 2023, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that the motion of defendants Merck & Co., Inc. and Merck Sharp & Dohme LLC for entry of a case review case management order for what have been designated as Other Group B cases (Doc. # 1219) is hereby GRANTED in part and DENIED in part.

(1) Group B cases are those where plaintiffs allege injuries other than or in addition to shingles and hearing loss. The Other Group B cases, for present purposes, are those cases in which plaintiffs allege only injuries which do not include shingles or hearing loss. Excluded are the three Group B bellwether trial pool cases.[1]

(2) Plaintiffs' counsel shall review Other Group B cases to assess their merit. All plaintiffs' firms except Morgan & Morgan ("Morgan"), Sadaka & Associates ("Sadaka"), Marc J. Bern & Partners ("Bern"), and the Potts Law Firm shall review

---

1. The trial pool cases are: Kobylinski v. Merck & Co., Civ. A. No. 19-4772, Bockus v. Merck & Co., Civ. A. No. 18-20020, and Billeci v. Merck & Co., Civ. A. No. 17-486.

all of their Other Group B cases.  Morgan shall review the oldest forty (40) of their Other Group B cases.  Sadaka shall review the oldest twenty-seven (27) of their Other Group B cases.  Bern shall review the oldest twenty-four (24) of their Other Group B cases.  The Potts Law Firm shall review the oldest twenty-one (21) of their Other Group B cases.

(3)  For any such cases that individual counsel no longer believes in good faith to be meritorious after review, individual counsel will use best efforts promptly to obtain permission from the plaintiffs to dismiss their said cases voluntarily and with prejudice.  For those cases in which permission is granted, the parties shall file a stipulation of dismissal with prejudice on or before May 15, 2024.

(4)  In any case in which a stipulation of dismissal is not filed on or before May 15, 2024, the plaintiffs shall produce a signed expert declaration in the form attached hereto as Exhibit A.  The declaration shall state that the expert has reviewed the pertinent medical records, shall disclose review of any other relevant factual information, and shall attest that based on that review, the expert is prepared to testify that, to a reasonable degree of medical certainty, Zostavax can cause the kind of injuries experienced by the plaintiff (i.e., general causation) and that Zostavax did cause the plaintiff's injuries (i.e., specific causation).  The expert must also be prepared to

2

testify as to his or her opinions.  No expert report pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure is currently required.  The expert shall also attach to his or her declaration a curriculum vitae.  The deadline for service of said declarations is July 15, 2024.

(5)  If the plaintiff fails to serve a timely expert declaration in any of the above cases that has not been voluntarily dismissed, Merck may move to dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

BY THE COURT:

/s/ Harvey Bartle III
J.