IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOSTAVAX | : | MDL NO. 2848 |
| (ZOSTER VACCINE LIVE) | : | |
| PRODUCTS LIABILITY LITIGATION | : | CIVIL ACTION |
| | : | NO. 18-md-2848 |
| THIS DOCUMENT RELATES TO | : | |
| 294 CASES IDENTIFIED IN | : | |
| APPENDIX A and Hartung v. | : | |
| Merck & Co., Inc., Civ. A. No. | : | |
| 19-20202 | : | |

MEMORANDUM

Bartle, J.                                              April 8, 2026

        Before the court is the motion of defendants Merck &

Co., Inc. and Merck Sharp & Dohme LLC ("Merck") pursuant to Rule

41(b) of the Federal Rules of Civil Procedure to dismiss with

prejudice for lack of prosecution 295 cases in this Zostavax

Products Liability Litigation, MDL 2848, based on the failure to

comply with the deadlines set forth in Pretrial Order ("PTO")

526.  In addition, co-defendant McKesson Corporation has filed a

motion to dismiss with prejudice Hartung v. Merck & Co., Inc.,

Civ. A. No. 19-20202 (E.D. Pa. May 29, 2019), for the same

reasons as Merck advances to dismiss it.  PTO 526 applies to all

plaintiffs who had not executed a timely release or filed a

stipulation of dismissal with prejudice pursuant to a master settlement agreement.[1]

This multi-district litigation involving Merck's vaccine for shingles was so designated on August 2, 2018.  At one point, there were over two thousand actions consolidated before the court for pretrial purposes.  At no time has a plaintiff successfully presented expert testimony to support his or her claim that Merck's shingles vaccine specifically caused injury.  See e.g., In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig., No. 18-MD-2848, 2023 WL 8258533, at *1 (E.D. Pa. Nov. 29, 2023); In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig., 2023 WL 6626581, at *6 (E.D. Pa. Oct. 11, 2023); In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig., 2023 WL 6465837, at *7 (E.D. Pa. Oct. 4, 2023); In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig., 579 F. Supp. 3d 675, 685 (E.D. Pa. 2021).  In addition, the court dismissed 1,189 cases in 2022 because of the inability of these plaintiffs to come forward with prima facie evidence that Zostavax caused their shingles or shingles related injuries.  In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig., 711 F. Supp. 3d 317,

---

[1]    Merck's motion originally sought the dismissal of 297 cases.  Since the filing of the motion, the court has been advised that the parties in two of these cases have settled. See Grotenhuis v. Merck & Co., Inc., Civ. A. No. 22-754 (E.D. Pa. Mar. 1, 2022); Sabalausky v. Merck & Co., Inc., Civ. A. No. 24-489 (E.D. Pa. Feb. 1, 2024).

323 (E.D. Pa. 2022), aff'd, No. 23-1032, 2024 WL 3423709 (3d Cir. July 16, 2024).

In 2025, a master settlement agreement was reached. Pursuant to PTO 524, entered May 8, 2025, the plaintiffs who did not timely execute a release or provide a stipulation of dismissal were required to produce by November 23, 2025 certain discovery, including pharmacy and medical records and expert reports.[2]  PTO 526, signed on November 6, 2025, extended the deadline to February 9, 2026.[3]  Both PTO 524 and PTO 526 provided that those actions would be subject to dismissal with prejudice on the motion of Merck if the requisite discovery had not been timely produced.

According to Merck, as of February 9, none of the plaintiffs in these 295 cases had come forward with even a modicum of discovery.  On February 24, 2026, Merck filed its motion to dismiss.  The 14-day period to oppose the motion has now passed with only one response.  It was filed by counsel on behalf of 47 of his clients.  He stated:

> Counsel for the remaining 47 Plaintiffs had
> repeatedly communicated the need for

---

[2]   PTO 524 had various deadlines specified in number of days after the execution of the master settlement agreement and does not use specific dates.  The November 23, 2025 deadline resulted from adding up the specific number of dates from June 26, 2025, the day after the master settlement agreement was executed.

[3]   The deadline was March 11, 2026 for plaintiffs for whom new counsel had timely entered an appearance.  No new counsel appeared.

> Plaintiffs to comply with PTO 526, including
> the need to supply all fundamental fact
> discovery, expert reports on general and
> specific causation, and the affidavits
> required by the Court's Order.  Counsel has
> no indication that any of the 47 Plaintiffs
> identified by Merck can or intend to comply
> with PTO 526.

In lieu of dismissal, counsel requests additional time not only for further communication with the 47 plaintiffs but also an extension for their compliance with PTO 526.

Our Court of Appeals has instructed district courts to consider the various factors outlined in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), before dismissing an action for failure to meet court appointed deadlines and other procedural requests.  The court must determine if the failure to comply in these 295 cases is the personal responsibility of the plaintiffs.  While the court has no specific knowledge in this regard, it appears that in many cases the fault is that of the plaintiffs themselves who have not cooperated with their counsel to provide the fact discovery.[4]  In any event, there is prejudice to Merck in both time and expense to allow these cases to drag on any further regardless of whether the responsibility lies with the plaintiffs or their counsel.  This MDL is now in its eighth year, and the time has

---

[4]    The court has granted the unopposed motions of plaintiffs' counsel to withdraw in 104 of these cases.

-4-

arrived to enforce discovery deadlines.  Plaintiffs have had over eight months' notice under PTO 524 and the extension granted in PTO 526 to say nothing about numerous earlier deadlines.  Both orders made clear that dismissal would be the consequence for failing to comply.  No further delay can be tolerated in the interest of justice whether or not any counsel acted willfully or in bad faith.

Significantly, there does not appear to be any merit to these 295 cases for otherwise the plaintiffs and their counsel would have had an appetite currently lacking to move forward.  Only one counsel for 47 plaintiffs out of 295 actions has filed a response to the pending motion, and he simply seeks more time to urge his clients to produce the required discovery. It speaks volumes that these clients have been unresponsive to his communications.  Counsel is silent about the merits.

The court rejects the request of counsel for the 47 plaintiffs for more time.  There is no appropriate alternative sanction available other than the dismissal with prejudice of all of these actions.

Under Poulis, dismissal is warranted.  Accordingly, the court will grant the motion of Merck to dismiss these 295 actions with prejudice for failure to comply with PTO 526.

-5-